IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| LAURA J. KOLEP,<br><br>        Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | No. CIV 04-706-TUC-CKJ<br><br>**ORDER** |

On December 15, 2006, Magistrate Judge Charles R. Pyle issued a Report and Recommendation [Doc. # 18] in which he recommended that Plaintiff's Motion for Summary Judgment [Doc. # 7] be granted and Defendant's Cross-Motion for Summary Judgment [Doc. # 10] be denied. Magistrate Judge Pyle further recommends that decision of the ALJ be reversed, this matter be remanded to the Social Security Administration, and an award of benefits be awarded. Defendant Jo Anne Barnhart ("the Commissioner") has filed objections and Plaintiff has filed an opposition to the objections. This Court has made a *de novo* review of those portions of the report and recommendation to which an objection has been made. 28 U.S.C. § 636. For the following reasons, the Report and Recommendation will be adopted.

*Procedural History*

Administrative Law Judge Lauren R. Mathon ("ALJ") issued a written decision in this matter in which she determined that Plaintiff Laura J. Kolep ("Kolep") was not disabled under the Social Security Act because she could return to her past relevant work. In reaching her decision, the ALJ found that Kolep had not engaged in substantial gainful activity since she filed her application. The ALJ further found that Kolep had right knee osteoarthritis and a dislocated patella, status post eye surgery and glaucoma, borderline intellectual functioning and degenerative disc disease of the lumbar spine. The ALJ found these were severe impairments but they did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpt. P., App. 1. The ALJ found that Kolep retained the residual functional capacity to engage in a range of sedentary work further restricted by a limitation to standing/walking for only fifteen minutes at a time, occasional pushing/pulling or repetitive movements with the right leg, limited visual acuity, the need to avoid even moderate exposure to unprotected heights and a moderate limitation in the ability to concentrate. The ALJ found that Kolep's residual functional capacity did not prevent Kolep from returning to her past relevant work and that Kolep, therefore, was not under a disability as defined in the Social Security Act.

The Appeals Council denied Kolep's request for review. Kolep filed the Complaint in this case on December 17, 2004. Kolep and the Commissioner have each filed Motions for Summary Judgment. Magistrate Judge Pyle has issued a Report and Recommendation.

*Disability*

An insured individual is entitled to disability insurance benefits if he or she demonstrates, through medically acceptable clinical or laboratory diagnostic techniques, an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or metal impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1) and (2). For a disability to be found, the impairment must be so

1  severe that, considering the age, education, and work experience of the claimant, the claimant
2  cannot "engage in any other kind of substantial gainful work which exists in the national
3  economy." 42 U.S.C. § 423(d)(2)(A); *see e.g., Lounsburry v.* Barnhart, 468 F.3d 1111 (9th
4  Cir. 2006).

5        A claimant can make a *prima facie* case for disability if she proves that she is not
6  presently engaged in substantial gainful activity, the disability is severe, and she is not able
7  to perform any work she has done in the past. *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th
8  Cir. 2002). If the claimant meets this burden, the burden shifts to the Commissioner. *Id.*
9  "When evidence reasonably supports either confirming or reversing the ALJ's decision, [a
10 reviewing court] may not substitute [its] judgment for that of the ALJ." *Batson v.*
11 *Commissioner of SSA*, 400 F.3d 1190, 1196 (9th Cir. 2004).

12

13 *Treating Physician*

14       In evaluating evidence to determine whether a claimant is disabled, the opinions of
15 treating physicians are entitled to great weight. *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th
16 Cir. 1989). Where a treating physician's opinion contradicts the opinion of an examining or
17 consulting physician, there must be "'specific and legitimate reasons' supported by substantial
18 evidence in the record" to reject the treating physicians's opinion. *Lester v. Chater*, 81 F.3d
19 821, 830 (9th Cir. 1996), *quoting Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).
20 Where the treating physician's opinion is not contradicted, the opinion may be rejected as
21 long as clear and convincing reasons are given. *Montijo v. Secretary of HHS*, 729 F.2d 599,
22 601 (9th Cir. 1984).

23       The Commissioner asserts that the magistrate judge erroneously reinterpreted the
24 record and erroneously concluded that treating physician Dr. R.L. Goedecke's opinion of the
25 disability was uncontradicted. The Commissioner asserts that the reviewing doctors, Kolep's
26 treating orthopedic surgeon, and Kolep's emergency room treatment are inconsistent with
27 the disabling symptoms allegedly observed by Dr. Goedecke. However, Dr. Goedeke's
28

1  statement of what he based his opinion on (e.g., osteoarthritis of right knee; x-ray revealed
2  diskogenic disease of the lumbar spine; glaucoma with blindness in left eye; lower back pain;
3  right knee pain) is consistent with other opinions. For example, Dr. Mark A. Wolfson opined
4  that Kolep was precluded from doing any prolonged standing and walking due to severe
5  osteoarthritis of the right knee and Dr. Robert C. Kersey stated that Kolep had significant
6  advanced right knee osteorarthritis. Dr. Edwin S. Roth found that there was a slight relative
7  narrowing of the L4/5 interspace which suggested the possibility of diskogenic disease.
8  Further, Kolep was referred to ophthalmologist Dr. Kristin Carter after she was assessed with
9  acute glaucoma. Lastly, Kolep has reported pain to numerous physicians.

10  The ALJ considered Dr. Goedeke's opinion and rejected it as conclusory, unsupported
11 by the medical evidence of record, and contrasting sharply with the other evidence of record.
12 A treating physician's conclusions that do not have objective support can constitute a
13 legitimate basis for rejection. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2005).
14 Moreover, a treating physician's opinion which is "brief and conclusionary in form with little
15 in the way of clinical findings to support its conclusion" need not be accepted by the ALJ.
16 *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986). However, the ALJ made these findings
17 without providing any specific reasons for her conclusion, let alone clear and convincing
18 reasons. In determining whether the medical history as set forth by the ALJ set forth specific
19 reasons for the ALJ's conclusion, this Court considered that those things relied upon by Dr.
20 Goedeke in forming his opinion were supported by medical evidence (e.g., x-ray, history of
21 chronic recurrent lateral patellar dislocation) and were consistent with the opinions of other
22 physicians. It is difficult to conclude, therefore, that the ALJ's mere recitation of the medical
23 history sets forth clear and convincing reasons to reject Dr. Goedeke's consistent opinions
24 or specific and legitimate reasons to reject Dr. Goedeke's contradicted opinions. *See Lester*,
25 81 F.3d at 830-31. The Court finds the ALJ, having failed to provide specific reasons for
26 rejecting Dr. Goedeke's opinion, improperly rejected Dr. Goedeke's opinion. Dr. Goedeke's
27 testimony, therefore, is credited as a matter of law. *Lester*, 81 F.3d at 834.

28

1   *Credibility of Kolep's Testimony*

2   The Commissioner also asserts that the magistrate judge improperly reinterpreted the
3   evidence. Because medical evidence of Kolep's underlying impairments was produced,
4   unless "there is affirmative evidence showing that [Kolep] is malingering, the
5   Commissioner's reasons for rejecting the claimant's testimony must be 'clear and
6   convincing.'" *Id.* The ALJ referred to Kolep's use of a cane and right knee brace. The ALJ
7   also referred to Kolep becoming upset and having a panic attack at the hearing; however, the
8   ALJ was unable to determine if Kolep actually had a panic attack. The ALJ also stated that
9   Kolep's pain and limitations were not fully supported by the objective medical evidence.
10  However, once Kolep produced medical evidence of an underlying impairment, the ALJ
11  could not "discredit [Kolep's] testimony as to subjective symptoms merely because they are
12  unsupported by objective evidence." *Lester*, 81 F.3d at 834. The ALJ's conclusion that the
13  pain and limitations were not ***fully*** supported by the objective medical evidence indicates that
14  the ALJ found that they were partially supported by objective medical evidence. Yet, the
15  ALJ's reference to the cane, knee brace, and panic attack do not constitute clear and
16  convincing reasons for rejecting Kolep's testimony. Kolep's testimony, therefore, is credited
17  as a matter of law. *Lester*, 81 F.3d at 834.

19  *Past Relevant Work*

20  Kolep's testimony being credited as a matter of law, this Court accepts her testimony
21  that she was unable to perform her previous jobs without assistance from supervisors and co-
22  workers. Kolep's testimony establishes that she maintained her employment because her
23  supervisors and co-workers were indulgent and assisted her on the most simple tasks with
24  the computer. Although the vocational expert testified that Kolep could return to her past
25  relevant work as a call center telemarketer, the ALJ disregarded the vocational expert's
26  opinion that Kolep's lack of computer proficiency would make Kolep non-competitive for
27  her prior work as a telemarketer. *See Robbins v. Social Security Administration*, 466 F.3d

880, 886 (9th Cir. 2006) (in considering hypotheticals posed to a vocational expert, "an ALJ is not free to disregard properly supported limitations"). The Court finds Kolep does not have sufficient residual functional capacity to perform past work.

*Further Hearing vs. Award of Benefits*

Because the ALJ discredited Kolep's testimony and made her determination that Kolep had sufficient residual functional capacity to perform past work, the ALJ did not move to the fifth step of the sequential process which requires consideration of Kolep's residual functional capacity to perform other substantial gainful work in the national economy in view of Kolep's age, education, and work experience. 20 C.F.R. § 404.1520(f) and 416.920(f). However, Kolep's credited testimony establishes her as disabled at the fifth step. Kolep is of an advanced age, she has a limited education, and she has unskilled previous work experience as performed. 20 C.F.R. Part 404, Subpt. P, App. 2 Table 1.

In this case, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Goedeke's opinion and Kolep's testimony. Moreover, Kolep's credited testimony establishes that she is unable to perform past work. The ALJ would be required to find Kolep disabled were Dr. Goedeke's opinion and Kolep's testimony credited. The Court finds there are no outstanding issues to be resolved. Therefore, remand for an award of benefits is appropriate.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 18] is ADOPTED;
2. Plaintiff's Motion for Summary Judgment [Doc. #7] is GRANTED;
3. Defendant's Cross-Motion for Summary Judgment [Doc. # 10] is DENIED;
4. The decision of the ALJ is REVERSED, and;
5. This matter is REMANDED to the Commissioner for an award of benefits, consistent with the findings set forth in the Report and Recommendation and this Order.
6. Judgment is awarded in favor of Plaintiff and against Defendant, and;

1   7. The Clerk of the Court shall enter judgment in this case and shall then close
2   its file in this matter.
3   DATED this 1st day of March, 2007.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge